UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA, | MEMORANDUM |
| | AND |
| Plaintiff, | ORDER |
| - against - | 06-CR-246 (TCP) |
| ROBERT KUNKEL, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PLATT, District Judge.

By letter dated September 23, 2008, defense counsel, Douglas T. Burns and Randy Scott Zelin, seek, again, to reargue this Court's decision in its Memorandum and Order dated September 18, 2008, made with respect to the meaning of the similar Order made by the Court at the first sentencing hearing on July 10, 2008.

At the latter hearing, the Assistant United States Attorney Charles Kelly reminded the Court that an appeal from the judgment and sentence in a criminal case, such as this, was only permissible if there was a substantial question of law or fact what would likely result in a reversal, under 18 U.S.C. § 143(b)(1)(b).

The Court immediately conditioned its decision to grant an appeal

to the defendant and to remain free on bail pending appeal on the following (Tr. p. 15, line 3-6):

> "I'll give you a week to do that, otherwise I think I have to comply with that. I don't think there is any issue here for an appeal, but if you can present one to me within a week [I may grant your request]."

Within one week on or before July 17, 2008, the defendant did not comply with this condition.

Defense counsel and defendant knew, at that point, that defendant's release pending appeal was conditioned on filing an appropriate statement <u>within</u> <u>one</u> <u>week</u> and filed no such statement. The result is that defendant and his counsel knew that he must surrender on or before September 10, 2008.

The "manufactured" and fallacious arguments now being advanced by defense counsel (a former Assistant United States Attorney for many years in the Criminal Division of this District) are to put it gently, disingenuous and disrespectful. Moreover, to seek a "ruling" from a "friendly" United States Marshal as to what he or she would have done with respect to an order of the Court and advance this as an excuse for his misconduct is even worse. At the very least, defense counsel should have made an application, in this Court's absence, to

another Judge or Magistrate Judge of the Court. Defense counsel knew the alternatives and deliberately attempted to bypass the appropriate avenue for release.

On September 16, 2008, on the application of the Government, this Court issued another Memorandum and Order setting a new date for surrender, i.e. September 29, 2008 at 10:00 a.m., as to which defense counsel now files (for the first time two and a half months after any such application was due) a statement of his "grounds for appeal"and his protestations for not understanding the Court's Order.

The Assistant United States Attorney Charles Kelly has written the Court that:

> the Order set September 29, 2008 as the date certain for surrender. Defendant now seeks bail pending appeal and cites three appellate issues which defendant claims are "likely to result in a reversal of Kunkel's conviction." None of the issues cited raise a substantial issue of law or fact likely to result in a reversal of defendant's convictions or a new trial. 18 U.S.C. Section 3134(b)(1). Accordingly, the government requests that the defendant's motion be denied and that the Order for Kunkel's surrender of September 29, 2008 stand.

The Court has been asked by the Assistant United States Attorney and the Court has ordered the defendant to surrender on September 29th at 10:00 a.m. This Order (as all orders of a District Court Judge) are all "subject to appeal"

but this does not mean that they are not effective immediately. They are and remain effective until, if, as and when, they are reversed and vacated by the Court of Appeals. Protestations to the contrary from a former Assistant United States Attorney are not worthy of any officer of the Court. The Order stands. The defendant must surrender on September 29, 2008 at 10:00 a.m.

  SO ORDERED.

_____/S/_____
United States District Judge

Dated: Central Islip, New York
   September 26, 2008